UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SAMERA G.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 4:25-cv-00321-DKG

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for social security benefits. (Dkt. 1). The Court has reviewed the Complaint, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will remand the decision of the Commissioner for further proceedings.

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## BACKGROUND

On August 11, 2022, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff's application alleges disability beginning on June 1, 2022. The application was denied initially and on reconsideration.

A hearing was conducted on January 26, 2024, before an Administrative Law Judge (ALJ). After considering testimony from Plaintiff and a vocational expert, the ALJ issued a decision on June 20, 2024, finding Plaintiff not disabled from June 1, 2022 through the date of the decision. (AR 15-26). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. Plaintiff timely filed this action seeking judicial review of the ALJ's final decision. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of the alleged onset date, Plaintiff was fifty-four years of age, which is defined as approaching advancing age. (AR 166). Plaintiff's age category changed to advanced age (55 and older), during the relevant time period. 20 C.F.R. § 404.1563(e). Plaintiff is a high school graduate and has previous work experience as a cafeteria cook and cashier. (AR 25-26). Plaintiff claims she is unable to work due to certain physical and mental impairments including, neck and back pain, hip and shoulder problems, migraine headaches, demyelinating disease, multiple sclerosis (MS), gastrointestinal reflux disease (GERD), and depression. (AR 33, 39-40, 208).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found through December 31, 2024, the date last insured, Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 1, 2022. (AR 18); 20 C.F.R. § 404.1571. At step two, the ALJ found Plaintiff had the following medically determinable, severe impairments: degenerative disc disease of the cervical spine, transverse myelitis (TM) at C4-C5, and degenerative disc disease of the lumbar spine. (AR 18). The ALJ also found at step two, that Plaintiff's trochanteric bursitis in her hips, shoulder problems, GERD, hormone replacement therapy, migraine headaches, and depression, were non-severe impairments, and that Plaintiff's asthma, irritable bowel syndrome, and MS were non-medically determinable impairments. (AR 18-20). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meet or medically equaled the criteria of a listing impairment. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. (AR 21-22).

The ALJ next found Plaintiff retained the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. § 404.1567(b), including the ability to "lift and/or carry twenty pounds occasionally and ten pounds frequently. She can frequently kneel, crouch, crawl, and climb." (AR 22). At step four, the ALJ found Plaintiff could perform her past relevant work as a cashier, both generally and as actually performed, and as a cafeteria cook, as actually performed. (AR 25). The ALJ therefore concluded that Plaintiff was not disabled.

## ISSUES FOR REVIEW

1. Whether the ALJ properly evaluated the medical opinion evidence.
2. Whether the RFC is supported by substantial evidence.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision, unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court

reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Plaintiff's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

### 1. Medical Opinion Evidence

Plaintiff argues the ALJ erred by failing to properly evaluate the medical opinion of Jed Willardson, PA-C. (Dkt. 15). Defendant maintains the ALJ correctly concluded that the record at issue was not a medical opinion and, regardless, the ALJ properly found it was not persuasive. (Dkt. 16).

**A. Legal Standard**

Under the regulations governing an ALJ's evaluation of medical opinion evidence for claims filed on or after March 27, 2017, such as here, the ALJ must evaluate the persuasiveness of the opinions based on the following factors: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(a), (c)(1)-(5). The most important factors are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant...objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent...with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)). The ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. *Id.*; 20 C.F.R. § 404.1520c(b)(2); *Treichler v. Comm'r Soc. Sec. Admin*., 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."); *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence). The ALJ's

persuasiveness determination must be supported by substantial evidence. *Woods*, 32 F.4th at 787, 792.

**B. Analysis**

Willardson was Plaintiff's primary pain treatment provider beginning in 2021. In a treatment note dated June 16, 2023, Willardson stated: "Pain is progressively worsening, and patient is experiencing profound functional loss as a result of the pain but denies weakness or bowel or bladder changes." (AR 925). The note further stated: "Even the simplest of the patient's activities of daily living are adversely affected by the pain including dressing, grooming, working, bending, lifting, [and] household chores." (AR 925). The ALJ characterized Willardson's statement about "profound functional loss" as an "observation," and found the statement was of limited persuasiveness. (AR 24).

The Court finds that the ALJ erred in not recognizing Williard's statements as a medical opinion. Under the regulations, a "medical opinion" is defined, as relevant here, as: "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in…[y]our ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching)…." 20 C.F.R. § 404.1513 (a)(2)(i).

Here, Willardson was a medical source. 20 C.F.R. § 404.1502(a)(8). When reading the treatment note in its entirety, the Court finds Willardson's statement was a medical

opinion that Plaintiff's back pain caused a "profound loss of function" in her functional ability to bend and lift, which are physical demands of work activities. Thus, the ALJ erred in failing to find the statement was a medical opinion. (AR 24). However, this error was harmless because the ALJ evaluated the persuasiveness of the opinion such that the ALJ's reasoning can be discerned. (AR 24); *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022).[2]

First, as to supportability, the ALJ found Willardson's statement was of limited persuasiveness due to repeated references to a diagnosis of MS, which other providers had ruled out. Second, as to consistency, the ALJ noted other medical records showing no progression of Plaintiff's transverse myelitis (TM)[3] or degenerative disc disease. The ALJ's reasoning on these two factors is supported by substantial evidence. While providers suspected MS, testing ruled out MS and revealed instead that Plaintiff had TM. (AR 20, 521-28). Willardson's opinion, therefore, was not internally supported because his treatment note incorrectly listed MS as a condition that Plaintiff suffered from. (AR 924-925). Further, the other medical evidence cited by the ALJ reporting no progression of Plaintiff's TM or degenerative disc disease was contrary to Willardson's finding of "profound functional loss" in Plaintiff's ability to bend and lift. (AR 24, 891, 895-903,

---

[2] In so finding, the Court does not endorse the ALJ's hybrid approach of, on the one hand, not stating whether or not they found the medical source statement to be an opinion, while, on the other hand, offering a perfunctory persuasiveness evaluation in the event it is determined to be an opinion. The ruling herein is therefore limited to the particular circumstances in this case and should not be considered or used as an example for other cases.

[3] Transverse myelitis is a neurological condition caused by inflammation in the spinal cord that can cause muscle weakness, pain, and bladder disfunction.

924, 941, 947). The ALJ therefore reasonably concluded that Willardson's opinion was of limited persuasiveness. For these reasons, the Court finds the ALJ's error in failing to treat Willardson's statement as a medical opinion was harmless, because the ALJ evaluated the persuasiveness factors consistent with the regulations.

**2. The RFC Determination**

Plaintiff contends that the RFC determination is not supported by substantial evidence because the ALJ did not properly evaluate the opinion evidence and relied on their own lay interpretation of the raw medical evidence. (Dkt. 15, 17). Defendant maintains that the ALJ properly translated the evidence into the RFC and that the ALJ's decision is supported by substantial evidence. (Dkt. 16).

**A. Legal Standard**

An RFC is the most a claimant can do despite their limitations and is based upon all relevant evidence in the record, including medical records, medical source statements, and symptom testimony. 20 C.F.R. § 404.1545(a)(1)-(3); *Shafer v. Barnhart*, 120 F. Appx. 688, 698 (9th Cir. 2005). The ALJ must consider all of a claimant's medically determinable impairments, whether severe or not, when assessing an RFC. *See Carmickle*, 533 F.3d at 1164; *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006); 20 C.F.R. § 404.1545(a)(2) and (3). It is the ALJ's responsibility to make the RFC assessment and to translate the medical evidence into the RFC. 20 C.F.R. § 404.1546(c); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.");

*Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity."). Indeed, the ALJ's RFC determination need not mirror any particular provider's opinion. *See e.g., Petrini v. Berryhill*, 705 Fed. Appx. 511, 512 (9th Cir. 2017). Rather, the ALJ is responsible for resolving conflicts in the medical testimony, and for translating and incorporating the evidence into concrete functional limitations in the RFC. *Rounds*, 807 F.3d at 1006. "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (cleaned up).

**B. Analysis**

Here, the ALJ found that Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b), including the ability to "lift and/or carry twenty pounds occasionally and ten pounds frequently. She can frequently kneel, crouch, crawl, and climb." (AR 22). The ALJ recited boilerplate language that they had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence…[and] also considered the medical opinion(s) and prior administrative medical finding(s)…." (AR 22). However, the state agency medical consultants that reviewed the record opined that there was insufficient evidence to fully evaluate the claimant's impairments because she had not returned requested materials. (AR 61, 63, 67-68, 70). The ALJ concluded, in a single sentence,

that the prior administrative findings were unpersuasive given the availability of the claimant's testimony and longitudinal record at the time of the hearing. (AR 24).

As discussed above, the ALJ also did not consider Willardson's findings to be a medical opinion, instead concluding that Willardson's "observation" that Plaintiff experienced functional loss to be of "limited" persuasiveness. (AR 24). Further, there is no indication or explanation in the decision as to whether and how the ALJ considered Willardson's findings in assigning the RFC.

Thus, the ALJ rejected all of the medical opinion evidence, finding none of the opinions persuasive, and provided no meaningful discussion of any relevant medical opinions in fashioning the RFC. Instead, the ALJ evaluated and interpreted the medical evidence, including raw medical data, on their own without any medical opinion when assigning the RFC limitations. (AR 23-24) (citing MRI reports, an electrophysiologic study, and a nerve conduction study). This was error.

"ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). However, the ALJ cannot render their own medical opinions or independently assess clinical findings. *Tackett*, 180 F.3d at 1102-03 ("It is well-settled that an ALJ may not render [her] own medical opinion and is not empowered to independently assess clinical findings."); *Miller v. Astrue*, 695 F.Supp.2d 1042, 1048 (C.D. Cal. 2010) (concluding that an ALJ may not act as their own medical expert);

*Padilla v. Astrue*, 541 F.Supp.2d 1102, 1106 (C.D. Cal. 2008) (concluding that the ALJ was not qualified to extrapolate functional limitations from raw medical data); *Banks v. Barnhart*, 434 F.Supp.2d 800, 805 (C.D. Cal. 2006) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("[the ALJ] must not succumb to the temptation to play doctor and make [their] own independent medical findings.")).

An ALJ "may not rely on [their] own unsupported interpretation of the medical evidence." *Peter B. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 3010162, at *3 (D. Or. July 28, 2022) (quoting *Davis v. Colvin*, 2016 WL 8674265, at *8 (D. Or. Aug. 12, 2016)); *see also Tackett*, 180 F.3d at 1103 (finding error where "[t]here is no medical evidence to support the ALJ's finding that [the claimant] could work through an eight-hour workday with breaks every two hours."). While the absence of a medical opinion is not necessarily fatal, Ninth Circuit courts have found that "barring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions." *Bradford v. Comm'r of Soc. Sec. Admin.*, 2022 WL 4538569, at *5 (D. Ariz. Aug. 18, 2022); (quoting *Howell v. Kijakazi*, 2022 U.S. Dist. LEXIS 125714, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022)); *Walker v. Comm'r of Soc. Sec.*, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) ("While the ALJ 'can pick and choose between opinions expressed by the experts,' when an ALJ decides severity or residual functional capacity 'without the support of any of the medical opinion evidence,' this is error.") (quoting *Holtan v. Kijakazi*, 2023 U.S. Dist. LEXIS 39538, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023)); *Manuel Gutierrez v. Bisignano*, 2026 WL

1911692, at *4-5 (E.D. Cal. July 2, 2026). Where there is ambiguous evidence or where the record is inadequate to allow for proper evaluation of the evidence, the ALJ has a duty to further develop the record. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

Here, the ALJ relied on their own interpretation of the medical records and evidence in formulating the RFC. In doing so, the ALJ improperly acted as their own medical expert by assigning RFC limitations without any medical opinion of Plaintiff's physical functioning. *See e.g., Lorali N. T. v. Kijakazi*, 2023 WL 3548221, at *10 (D. Idaho May 18, 2023) (citing cases in the Ninth Circuit where courts routinely find error when an ALJ rejects all medical source opinions and formulates an RFC based on the ALJ's own interpretation of the medical record.); *Gutierrez*, 2026 WL 1911692, at *4-5.

Further, the ALJ erred by failing to explain the bases for the RFC finding. While the ALJ summarized the medical evidence, it is unknown how the ALJ translated that evidence into an RFC. *See e.g. Gregory C. v. Comm'r Soc. Sec.*, 2025 WL 3004043, at *(3) (N.D. Cal. Oct. 27, 2025). This is particularly true here given the ALJ did not rely on any of the medical opinions – instead finding all medical opinions to be unpersuasive to some degree. While the ALJ assigned physical limitations restricting Plaintiff to light work with some additional limitations, it is unknown what evidence the ALJ relied on when assigning the limitations. For instance, there is no discussion of the rationale underlying the ALJ's conclusion that there was "insufficient objective evidence to conclude" that Plaintiff's reported difficulties with balance, antalgic gait, and subjective

sensation changes "could not be accommodated with a limitation to light work and relevant postural limits." (AR 24). Nor is there an explanation for the ALJ's finding that a limitation to light exertional lifting/carrying requirements and duties with certain postural limitations addressed her spinal conditions with transverse myelitis. (AR 24). Moreover, the ALJ's rationale cannot be reasonably discerned from the decision, as there is no discussion of the reasons for the limitations assigned. Because the ALJ did not explain their reasoning and there is no medical opinion for the limitations assigned in the RFC, the Court is unable to conclude that the RFC was supported by substantial evidence. *See e.g., Diane K. v. Kijakazi*, 2022 WL 3213076, at *4-5 (D. Idaho Aug. 9, 2022).

For the reasons stated above, the Court finds the RFC is not supported by substantial evidence and, therefore, the ALJ erred. The error found herein was harmful because had the ALJ included different limitations in the RFC based upon a proper review of the evidence, the ultimate disability determination may have been different. *Rounds*, 807 F.3d at 1007 (ALJ error is harmless if it is "inconsequential to the ultimate nondisability determination.").

**3. Conclusion**

In sum, the Court finds the ALJ harmlessly erred in evaluating Willardson's medical opinion, but committed harmful error when fashioning the RFC. Based on the harmful errors found herein, the Court will reverse the decision of the Commissioner. Generally, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."

*Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). In cases where further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011). A remand for further proceedings is appropriate where outstanding issues must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Upon a careful review, the Court finds remand for further proceedings is appropriate here because further administrative review could remedy the ALJ's errors. Moreover, it is unclear whether Plaintiff is disabled. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (Remand is appropriate "when the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Bunnell*, 336 F.3d at 1115-16.[4]

For these reasons, the Court will reverse and remand the ALJ's decision for further

---

[4] This is not to say that the disability determination will or should be different regarding the period at issue, only that the Court cannot determine that the outcome would remain the same upon a correct evaluation of the record.

administrative proceedings. The ALJ should reassess the entire record in making the disability determination on remand. The parties may freely take up any issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) The Complaint for Judicial Review (Dkt. 1) is **GRANTED**.

2) This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3) This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: September 15, 2026

Honorable Debora K. Grasham
United States Magistrate Judge